977 So.2d 754 (2008)
Gwendolyn R. DENTON, Appellant,
v.
SILLATO PROPERTIES, INC., d/b/a S & S Projects, Appellee.
No. 4D07-2863.
District Court of Appeal of Florida, Fourth District.
March 26, 2008.
Bradley E. Lolus of Bradley E. Lolus, P.A., Lauderhill, for appellant.
Karey L. Bosack of Doumar, Allsworth, Laystrom, Voigt, Wachs, Mac Iver & Adair, LLP, Fort Lauderdale, for appellee.
HAZOURI, J.
Gwendolyn Denton appeals the trial court's granting of Sillato Properties, Inc. d/b/a S & S Projects', motion to enforce settlement and final judgment for damages and attorney's fees. We affirm.
In June 2002, Denton entered into a contract for construction and purchase of a single family home with the original developer. The development property changed ownership over the years. The contract was subsequently modified and assigned to numerous developers until a final contract (the Contingent Modification and Assignment Agreement) was entered into with Sillato Properties in December 2004, for the completion of the home and its purchase by Denton.
In December 2006, with the house finally nearing completion, disputes arose between the parties concerning the terms of the final contract, conditions and features of the house, and Denton's willingness to close. This prompted Sillato Properties to file a suit against Denton alleging a breach of contract and seeking a declaratory judgment regarding the terms and obligations of the final contract. Thereafter, Denton filed a separate action against Sillato Properties alleging breach of contract and seeking specific performance of the final contract. These two lawsuits were consolidated and the parties were ordered to mediation. Following mediation, a comprehensive *755 settlement agreement was reached which called for the parties to close on the subject residence within thirty days of the signing of the settlement agreement.
Denton failed to close at the appointed time, contending that Sillato Properties failed to timely complete certain requirements of the mediation agreement and therefore she was relieved from proceeding to the closing. At the time of closing, Sillato Properties had completed all of the requirements of the mediation agreement. The trial court found that the breaches alleged by Denton were not material and were cured within the thirty-day time period for closing. Therefore, Denton was in default and Sillato Properties was entitled to enforce the settlement. We agree that the alleged breaches asserted by Denton were not material and had been completed prior to the date of closing. We therefore affirm.
Affirmed.
KLEIN and DAMOORGIAN, JJ., concur.